**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. CV11-2358 PHX DGC |
| Daniel R. Reyes, III and Esmeralda Reyes | BK No. 10-bk-17082 |
| Debtors, | **ORDER** |
| Daniel R. Reyes, III and Esmeralda Reyes, | |
| Appellants, | |
| v. | |
| Russell A. Brown, | |
| Appellee. | |

Appellants Daniel R. and Esmeralda Reyes' have appealed the November 15, 2011 final order of the U.S. Bankruptcy Court for the District of Arizona confirming Appellants' amended Chapter 13 reorganization plan. Doc. 5. Appellee Russell A. Brown, Trustee for the plan, filed a response in objection to the appeal, and Appellants filed a reply. Docs. 12, 14. Neither side has requested oral argument. For the reasons set forth below, the Court will grant the appeal in part and deny it in part.

**I.      Background.**

Appellants filed for chapter 13 consumer bankruptcy protection to reorganize their debts. Doc. 5, ¶ 4. Bankruptcy Judge George B. Nielsen held a hearing on March 31, 2011 to address Appellants' chapter 13 bankruptcy plan of reorganization. Docs. 5, ¶ 3, 12 at 1. Appellants objected to seven objections and recommendations made by Mr.

Brown as Trustee for the plan. *Id.* Judge Nielsen sustained one of Appellants' objections, but overruled the remaining six. *Id.* These six rulings became part of the amended reorganization plan filed on April 13, 2011, were confirmed by Judge Nielsen's order on November 15, 2011, and are the subject of this appeal. Docs. 5, ¶¶ 3, 8, 11; 12 at 2.

## II. Legal Standard.

Under 28 U.S.C. § 158(a)(1), the Court has jurisdiction over appeals from "final judgments, orders, and decrees" of bankruptcy judges. Rule 8013 of the Federal Rules of Bankruptcy Procedure states:

> On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The Court reviews the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). The Court must accept the bankruptcy court's findings of fact unless the Court "is left with the definite and firm conviction that a mistake has been committed[.]" *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). Mixed questions of law and fact are reviewed *de novo*. *In re JTS Corp.*, 617 F.3d at 1109. The Court reviews the evidence on record in the light most favorable to the prevailing party. *Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991); *In re Jake's Granite Supplies, L.L.C.*, 442 B.R. 694, 699 (D. Ariz. 2010).

## III. Discussion.

### A. First Objection.

Appellants appeal Judge Nielsen's approval of the Trustee's requirement that they must make payments using only certified funds, automatic wage withdrawals, or electronic transfers. Doc. 5, ¶ 18. Appellants argue that this violates 31 U.S.C. § 5103,

which renders United States coins and currency legal tender for all debts, and that Judge Nielsen committed reversible error when he relied on a single district court case and a local bankruptcy rule to craft an exception to federal law. *Id.*, ¶¶ 12-18.

Judge Nielsen's ruling regarding the specific form of payments does not create an exception to or otherwise violate 31 U.S.C. § 5103. Section 5103 provides that "United States coins and currency . . . are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. § 5103. As Judge Nielsen noted, however, an interpretation of this section to forbid all but cash payments "would strain logic." Doc. 8-3 at 5:1-11. Judge Nielsen cited to *Matrinez v. Mattern*, No. H-05-3237, 2006 WL 1295571, *5 (S.D. Tex. May 10, 2006), which in-turn cited to a New York County Supreme Court case in which the plaintiffs unsuccessfully challenged the City's policy of not accepting direct cash payments – as opposed to tokens or tickets – for bus fares. *Nemser v. New York City Transit Auth.*, 530 N.Y.S. 2d 493, 494 (1989). The New York court found that the "absolute language of the legal tender statute is clearly modifiable by the necessary consideration of what is reasonable under the circumstances." *Id.* at 370.

Local Rule of Bankruptcy 2084-18 provides that the "trustee may require the debtor to make plan payments in a specific form, such as certified funds." LRBankr 2084-18. Rather than conflict with § 5103 regarding what constitutes legal tender, this rule merely specifies the form that transfers of legal tender may be required to take. This interpretation is consistent with *Genesee Scrap & Tin Baling Co.*, *Inc. v. City of Rochester*, 558 F.Supp.2d 432, 436 (W.D.N.Y. 2008), in which the District Court found that an ordinance requiring payments by check for purchases of scrap metal was not in conflict with § 5103 because it did not "attempt to confer legal-tender status upon checks, nor d[id] it deem cash not to be legal tender." The court went on to state that "[a]ll that the Ordinance does is specify the *form* in which payments for a particular category of transactions are to be made. The buyer must pay by check, but that check is a promise of payment in legal tender, upon presentation of the check to a bank." *Id.* (emphasis in original). The same analysis applies here. The specified forms of payment are simply a

way to ensure the efficient and reliable transfer of the required currency payments.

Appellants argue that they should be permitted to pay by personal check, but personal checks are not mentioned in § 5103 and therefore would be no more valid than Judge Nielsen's requirements under Appellants' analysis. Appellants argue that they should be permitted to avoid the additional cost of having to make payments by money order or cashiers' checks, but Judge Nielsen expressly found that debtors could avoid such cost by electing to use automatic bank withdrawals or wage orders. The Court will deny this portion of the appeal.

**B.    Second Objection.**

Appellants appeal the requirement that they use a model form order, as presented by the Trustee, when submitting their proposed confirmation order. Doc. 5, ¶ 19. Appellants argue that Judge Nielsen's approval of the Trustee's proposed model form was an unlawful delegation of authority under Federal Rule of Bankruptcy 9029. *Id.* Appellants argue that the only way to create a model form is to go through a general order process with unanimous approval of all Arizona bankruptcy judges as the District of Arizona Bankruptcy Court did in 2010 to create a model plan. *Id.*, ¶¶ 21-22.

Appellants' arguments lack merit. Federal Rule of Bankruptcy Procedure 9029 governs the making and amending of rules, and permits the district court to "authorize the bankruptcy judges of the district to make and amend rules of practice and procedure which are consistent with . . . Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms." Fed. R. Bankr. P. 9029(a). Judge Nielsen's order requiring Appellants to submit their proposed confirmation order using a model form did not involve the making or amending of a bankruptcy rule, so Rule 9029(a) does not apply. Moreover, a bankruptcy judge's authority to require use of a particular form is consistent with Rule 9029(b), which states that "[a] judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district." *Id.* at 9029(b). Judge Nielsen found that the use of a form order "promotes efficiency and consistency" and that "[d]ebtors and counsel are better off . . . with a form

order rather than having to create their own." Doc. 8-3 at 1:17-20.  Appellants have not shown that Judge Nielsen's approval of the model form order required in this case violated any federal or local rules, nor have they provided any support for their claim that the required use of the form order was unlawful because it made the confirmation process more difficult or burdensome.  *See* Doc. 5, ¶ 22 (citing *In re Anderson*, 21 F.3d 355, 358 (9th Cir. 1994)).  The Court will deny this portion of Appellants' appeal.

### C. Third Objection.

Appellants appeal the requirement that they must review all proofs of claim and resolve any discrepancies between the claims and the plan before submitting the plan for confirmation.  *See, generally*, Doc. 5, ¶¶ 23-33; *see* Doc. 8-2 at 3: 6-17.  Appellants argue that this obligation impermissibly shifts the Trustee's burden to them.  *Id.*  Appellants object specifically to the requirement that they respond to the proofs of claim made by creditor Wells Fargo Financial, which are not accounted for in the reorganization plan, and that they either (1) object to the claims, (2) notify the Trustee in writing that the claims have been resolved and the holder will endorse the plan, or (3) notify the Trustee in writing that the plan will cover the claims.  Doc. 5, ¶¶ 25, 27; *see* Doc. 6-3, ¶¶ 3, 22.

In approving this requirement, Judge Nielsen cited to Federal Rule of Bankruptcy Procedure 4002, discussed in *In Re Levy*, 153 B.R. 300, 304 (Bankr. C.D. Cal. 1993), and Local Rule 2084-13(b).  Doc. 8-2 at 4:22-5:12.  Rule 4002 provides, among other duties, that the debtor must "cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim, and the administration of the estate."  Fed. R. Bankr. P. 4002(4).  As restated in *In Re Levy*, this rule requires that "all debtors, regardless of the Chapter under which relief is requested, have a duty to assist the trustee in the review of proofs of claim and the administration of the estate."  153 B.R. at 304, (quoted in Doc. 8-2 at 25-5:4).  Local Rule 2084-13(b) is in accord.  It requires, in part, that the "debtor must review the court's claims docket and claims filed with the court before submitting a proposed order to the case trustee."  LRBankr 2084-13(b).   Judge Nielsen acknowledged that 11 U.S.C. § 704(a)(5) requires the Trustee to "examine[] proofs of claim and object[]

to the allowance of any claim that is improper" (*Id.* at 3:19-21), but he found that the Trustee was not neglecting these duties, and he concluded – on the basis of the rules cited above – that the debtor "ha[s] duties to cooperate, and chase down claim discrepancies." *Id.* at 15:8-12.

Judge Nielsen's ruling was not in error. The statutory requirement that the Trustee object to any claims that are improper extends to such situations as claims that are untimely filed, insufficiently supported, or in violation of state law. Doc. 15 at 10, n. 8; *see* Doc. 8-2 at 3:17-21. Appellants' obligation under the amended reorganization plan, by contrast, is not to object to improper claims, but to resolve discrepancies between the properly-filed claims and Appellants' provision or lack of provision for these claims in the plan. *Id.* at 10; *see* Doc. 8-2 at 3:17-21. This requirement comports with the federal and local bankruptcy rules and case law cited above and does not conflict with the separate statutory obligations imposed on trustees under the U.S. Bankruptcy Code.

Appellants make a related argument that it is improper to require them to resolve claim discrepancies prior to plan confirmation where the respective creditors have not, themselves, raised objections to the plan. Doc. 5, ¶¶ 23, 31. This argument also fails. Appellants do not dispute that the Trustee has authority to object to a plan prior to confirmation. *See, e.g.*, *In re Andrews*, 49 F.3d 1404, 1407 (9th Cir. 1995). The Trustee made just such an objection in noting the discrepancy between the proof of claims filed by Wells Fargo Financial and Appellants' provisions in the plan, and it is this objection which led to the requirement that Appellants resolve any discrepancies prior to plan confirmation. *See* Doc. 6-3, ¶ 3. Such a requirement is in accord with Local Rule 2084-4(a)(1), which requires the plan to include the "debtor's estimate of the value of each secured claim, the method of determining the value, . . . and the amount to be paid on each secured claim." LRBankr 2084-4(a)(1). In light of the fact that the bankruptcy court has the obligation "to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue" (*United Student Aid Funds v. Espinosa*, 130 S.Ct. 1367, 1381, n. 4 (2010)), Judge Nielsen did not commit legal error by responding to the

Trustee's objections and requiring Appellants to address discrepancies between creditor proofs of claims and provisions for them in the reorganization plan prior to confirmation. The Court will deny this portion of Appellants' appeal.

### D. Fourth Objection.

Appellants object to Judge Nielsen's approval of the Trustee's recommendation that the order confirming the reorganization plan contain the statement that "[t]he Plan and this Order shall not constitute an informal proof of claim for any creditor." Doc. 5, ¶¶ 34-42. Appellants argue that requiring this statement is the equivalent of dictating plan language and violates statutory provisions and case law affirming that the debtor is in complete control of the contents of the plan. *Id.*, ¶¶ 34-35 (citing *In re Hein*, 341 B.R. 903, 907 (Bnkr. N. D. Ind. 2006); *In re Kelly*, 67 B.R. 508, 514 (Bankr. S.D. Miss. 1986)). Appellants also argue that this language contravenes Ninth Circuit precedent which allows for informal proofs of claims. Doc. 5, ¶¶ 36-37.

Including the Trustee's recommended statement in the order confirming the reorganization plan does not, in any way, dictate the language of the plan itself or impinge on Appellants' control of the plan's contents. The statement merely underscores what Judge Nielsen affirmed at the hearing: that an informal proof of claim requires conduct on the part of the creditor, meaning such informal proofs of claim cannot be inferred from the contents of the debtor's plan. *See* Doc. 8-3 at 1:4-6 ("I don't believe the Trustee's recommendation here offends the informal proof of claim process, because it takes a creditor to make a specific demand.").

Appellants' argument that this statement violates Ninth Circuit precedent allowing for informal proofs of claim also lacks merit. The case law that Appellants cite refers to a creditor's ability to make an informal proof of claim, not to a debtor's ability to make informal proofs of claim or to have them confirmed by the order confirming the reorganization plan. *See* Doc. 9-1 at 10 (citing cases). Judge Nielsen specifically noted that informal proofs of claim are "part and parcel of the bankruptcy process." Doc. 8-2 at 10:18-20. He went on to quote from *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 815

(9th Cir. 1985), also relied on by Appellants, that a creditor can make an informal proof of claim by "stat[ing] an explicit demand showing the nature and amount of the claim against the estate, and evidenc[ing] an intent to hold the debtor liable." *Id.* at 10:24-Doc. 8-3 at 1:3. Judge Nielsen's approval of the language stating that neither the reorganization plan nor the order confirming it "shall constitute an informal proof of claim for any creditor" is not in conflict with this precedent. The Court will deny this portion of Appellants' appeal.

### E.   Fifth Objection.

Appellants object to Judge Nielsen's adoption of the Trustee's statement that "[r]equests by the Trustee for documentation and information are not superseded by the filing of an amended plan or motion for moratorium." Doc. 5, ¶¶ 40-42. Appellants argue that this provision conflicts with 11 U.S.C. § 1323(b), which states that "[a]fter the debtor files a modification under this section, the plan as modified becomes the plan." *Id.*, ¶ 40.

The Trustee acknowledges that a modified plan becomes the operative plan under 11 U.S.C. § 1323(b), but argues that this should have no bearing on his requests for documents. Doc. 12 at 18. The Trustee cites to *In re Walters*, 223 B.R. 710, 713 (Bankr. W.D. Mo. 1998), which dealt with whether an amended plan retroactively changed the debtor's timeline for making required plan payments. The district court stated that "[i]t is true, as Debtor suggests, that an amended plan replaces the prior plan. . . . However, the Court believes that this means that the amended plan terms simply become the new terms. The replacement does not alter obligations which have already accrued." *Walters*, 223 B.R. at 713. (citing *Nielsen v. DLC Investment, Inc. (In re Nielsen)*, 211 B.R. 19, 23 (8th Cir. BAP 1997).

Appellants cite to *In re Nielsen*, 211 B.R. at 22, the same Eighth Circuit case cited by the district court in *Walters* for the proposition that the terms of the modified plan become the new terms. Doc. 14, ¶ 26. Appellants argue that, as an appellate-level case, *Nielsen* trumps *Walters*. *Id.*, ¶ 27. But *Nielsen* does not negate the finding in *Walters*

that a modified plan does not retroactively alter a debtor's existing obligations. Additionally, *Nielsen* said nothing about the requirement to produce documents which is at issue here. To the extent that the terms of the modified plan might negate the need for certain documents, Judge Nielsen addressed this contingency at the hearing. While expressing doubt about how this would happen, Judge Nielsen referred to the Trustee's statement that if it did, "this could be pointed out by the Debtor or the Debtor's counsel in response to a recommendation." Doc. 8-2 at 9:13-20. Judge Nielsen further stated that "I'm sure the Trustee will be reasonable. But I don't see anything prohibited in the Trustee's current conduct." *Id.* at 9:21-22. Appellants have not shown how any purported or actual modifications to the reorganization plan negate the Trustee's requests for documents. It was not error for Judge Nielsen to conclude that the Trustee's requests for documents and information were not superseded by the filing of an amended plan. The Court will deny this portion of Appellants' appeal.

### F. Sixth Objection.

Appellants object to Judge Nielsen's rejection of the provision in their reorganization plan stating that "[p]ayments on secured claims identified as such in the plan shall be applied by the Trustee to principal first and interest second." Doc. 5, ¶¶ 43-46; *see* Docs. 6-2 at 5, ¶ J(1), 8-2 at 6-7. Appellants argue that the Bankruptcy Code does not specify how interest is to be accrued on secured debts and that Judge Nielsen's ruling was in error because he provided no legal authority for finding that Appellants' proposed method of amortization was invalid. Doc. 5, ¶ 46.

The Trustee objected to Appellants' amortization provision on the basis that it "fails to pay the present value of [the creditors'] secured claims and the Trustee's (or any trustee's) software is incapable of making such calculations." Doc. 6-3, ¶ 4. The Trustee further argues in his response that Appellants amortization provision "does not provide any direction how such a payment method is to be calculated." Doc. 12 at 19, n. 10.

Judge Nielsen noted that "[11 U.S.C.] Section 1325(a)(5) generally requires that secured creditors receive the present value of their allowed claim over time." Doc. 8-2 at

6:24-7:1 (citing *In re Brawders*, 503 F.3d 856, 871 (9th Cir. 2007). Judge Nielsen also quoted the Ninth Circuit Bankruptcy Appellate Panel's decision in *In re Pluma*, 303 B.R. 444, 447 (B.A.P. 9th Cir. 2003), *aff'd* 427 F.3d 1163 (9th Cir. 2005), which states that "a secured creditor receiving deferred payments on its claim . . . is entitled to interest so that the total amount of the payments received have a present value equal to the amount of its claim on the date of filing." Doc. 8-2 at 7:2-8. Based on this authority, Judge Nielsen stated, without further analysis, "I don't think the Debtor's proposal has been established as meeting the requirements of Section 1325(a)(5)." *Id.* at 7:9-10.

Although Judge Nielsen's citations to the Bankruptcy Code and relevant case law support the proposition that a debtor's reorganization plan payments entitle secured creditors to the current value of their claim, and that recouping this value through deferred payments over time requires interest, he did not address the precise question at issue here: whether payments that include interest, but are allocated to the principal first and interest second, provide adequate compensation over time to secured creditors. Judge Nielsen also did not address the practical difficulties and questions raised by the Trustee as barriers to carrying out Appellants' designated amortization method. The Court will remand this part of Judge Nielsen's order to the Bankruptcy Court for further factual development of how Appellants propose that the Trustee make the payment calculations and whether Appellants' proposed methods will provide for adequate compensation of the value of creditors' secured claims.

**IT IS ORDERED:**

1. Appellants' appeal (Doc. 5) is **denied in part** as to objections one through five and **granted in part** as to objection six.

2. This action is **remanded** to the bankruptcy court for further consideration as to objection six as set forth above.

Dated this 15th day of October, 2012.

*/s/ Daniel G. Campbell*
_____
David G. Campbell
United States District Judge